**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4151**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA RANSOME,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:18-cr-00233-ELH-1)

Submitted: July 23, 2020                                 Decided: July 28, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Julie Marie Reamy, JULIE M. REAMY, ATTORNEY AT LAW, LLC, Baltimore, Maryland, for Appellant. Matthew DellaBetta, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Ransome pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(b)(1)(C) (2018). The district court sentenced Ransome to 45 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Ransome's sentence is reasonable. Although notified of his right to do so, Ransome has not filed a pro se supplemental brief. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. We "apply a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

2

We conclude that Ransome's sentence is reasonable. The district court correctly calculated Ransome's advisory Guidelines range. While Ransome argued for a 37-month sentence based on his difficult upbringing, his role as a street-level drug dealer, and the steps he took on pretrial release to treat his opiate addiction, the district court found a lengthier sentence was necessary in light of the serious nature of the offense, Ransome's extensive criminal history, and the fact that prior sentences had not deterred him from engaging in the instant offense. However, the court credited Ransome's arguments in varying below the Guidelines, albeit less than he requested. Thus, the district court adequately explained the chosen sentence. We further conclude that Ransome cannot overcome the presumption of reasonableness accorded his below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Ransome, in writing, of the right to petition the Supreme Court of the United States for further review. If Ransome requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ransome.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3